UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

PATHDM1 LP LLC, d/b/a NYXUS MEDIA, an Idaho Limited Partnership and Limited Liability Company,

Plaintiff,

v.

PATH 1 COMMUNICATIONS, LLC, a Georgia Limited Liability Company; PATH1 TV, LLC, a Georgia Limited Liability Company; DISNEY ENTERPRISES, INC, a Delaware Corporation; CISION US INC., a Delaware Corporation; PR NEWSWIRE INC., a Delaware Corporation; MULTIVU LLC, a Delaware Limited Liability Company; CRAIG A. BALL, an individual; and COLLEEN ELIZABETH STUART, an individual,

Defendants.

Case No. 1:24-cv-00611-AKB

**MEMORANDUM DECISION AND ORDER**

Before the Court are several motions: (1) Disney Enterprise, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Dkt. 5); (2) Cision US, Inc., PR Newswire Inc., and Multivu LLC's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Dkt. 6); (3) Plaintiff PathDM1 LP LLC's Request for Leave to Represent Pro Se Due to Hardship (Dkt. 24); and (4) PathDM1's Motion for Default Judgment (Dkt. 27). The Court finds oral argument would not significantly aid its decision-making process and decides the motion on the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for

submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court addresses only Plaintiff's request to proceed pro se. Because the Court denies that request, the remaining motions are moot and denied on that basis. Plaintiff's lawsuit is dismissed without prejudice.

## I. BACKGROUND

On September 20, 2024, Plaintiff PathDM1 LP LLC brought a lawsuit by verified complaint (Complaint) against Defendants Path1 Communications, Path1 TV, Disney Enterprises, Cision, PR NewsWire, MultiVu, Craig A. Ball, and Colleen Elizabeth Stuart, in the District Court of the Fourth Judicial District of the State of Idaho (Dkt. 1-2 at 4). There, Plaintiff alleges a contractual relationship with Defendants Path1 Communications, Path1TV, Craig A. Ball, and Colleen Elizabeth Stuart; Plaintiff provided media production services and broadcasting equipment in exchange for payments from Defendant Path1TV and Path1 Communications (*id.* at 6). Plaintiff alleges Defendants Path1TV and Path1 Communications used Plaintiff's services and equipment to regularly fulfill projects for Defendant MultiVu (*id.*). Plaintiff claims Defendants Craig A. Ball, Colleen Elizabeth Stuart, Path1TV, and Path1 Communications would then invoice MultiVu; MultiVu would pay; and those defendants would deduct fees and remit the remainder to Plaintiff (*id.*). Plaintiff contends that after January 2023, payments have been made to Defendants Craig A. Ball, Colleen Elizabeth Stuart, Path1TV, and Path1 Communications, but no portion was remitted to Plaintiff (*id.*).

Plaintiff brings three causes of action. First, Plaintiff alleges breach of contract against Defendants Craig A. Ball, Colleen Elizabeth Stuart, Path1TV, and Path1 Communications (*id.* at 6-7). Failing an enforceable contract, Plaintiff alternatively alleges unjust enrichment in relation

to twenty-nine invoices for Plaintiff's provision of equipment and services against Defendants Craig A. Ball, Colleen Elizabeth Stuart, Path1TV, and Path1 Communications, PR Newswire, Cision, and Multivu (*id.* at 7-8). Lastly, Plaintiff brings another claim for unjust enrichment, this time in relation to a specific project at Walt Disney World in Orlando, Florida. This latter unjust enrichment claim is brought against all named Defendants (*id.* at 8).[1]

On December 18, 2024, Disney filed a notice of removal pursuant to 28 U.S.C. § 1441 (Dkt. 1). Following removal, Defendants Disney Enterprises, Cision, PR Newswire, and MultiVu filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Dkt. 5; Dkt. 6). Plaintiff filed oppositions to the Defendants' motions to dismiss (Dkt. 9; Dkt. 10) and Defendants replied (Dkt. 13; Dkt. 14). On January 10, the parties filed a stipulation to stay this case until the motions regarding jurisdiction were resolved (Dkt. 7), which was followed by a Court Order (Dkt. 11).

Plaintiff's initial counsel moved to withdraw on May 9, 2025, pursuant to Dist. Idaho Loc. Civ. R. 83.6(c) (Dkt. 16). On May 12, 2025, the Court granted counsel's motion to withdraw subject to several terms (Dkt. 17). First, the Court ordered that withdrawing counsel shall continue to represent Plaintiff until proof of service of the order on the client was filed with the Court or until Plaintiff notified the Court in writing that it had received the order (*id.* at 1). Plaintiff had twenty-one days from the filing of the proof of service by the withdrawing attorney to file written

---

[1] The Court notes that, for the record, that Toto Mills (as the agent of PathDM1 LP LLC) filed a Notice of Voluntary Dismissal without Prejudice as to Disney Enterprises, Inc. (Dkt. 25). As discussed below, however, Toto Mills is not a licensed attorney and cannot represent PathDM1 LP LLC in court; because Toto Mills did not have the authority to file a Notice of Voluntary Dismissal without Prejudice on behalf of PathDM1 LP LLC, the Court considers the filing ineffective for its stated purpose and, analytically, treats it as a nullity. Given the conclusion below, the result for Disney Enterprises, Inc. is the same.

notice with the Court stating how and by whom it will be represented (*id.* at 1-2). The Court warned Plaintiff that if it failed to appear in this action through counsel within that twenty-one-day period, it would be grounds for dismissal of Plaintiff's claims with prejudice and without further notice (*id.* at 2). Simultaneously, the Court informed Plaintiff that it cannot appear without being represented by an attorney in accordance with Dist. Idaho Loc. Civ. R. 83.4(d) (Dkt. 17 at 2). On May 16, 2025, counsel filed proof of service with the Court (Dkt. 18).

On June 6, 2025, Plaintiff's second attorney appeared before this Court (Dkt. 19). Only a few days later, on June 25, Plaintiff's new counsel filed a motion to withdraw as counsel pursuant to Dist. Idaho Loc. Civ. R. 83.6 (Dkt. 21). The Court granted that second withdrawal on June 26 (Dkt. 22). The Court again ordered that counsel shall continue to represent Plaintiff, pursuant to Dist. Idaho Loc. Civ. R. 83(c)(2) until proof of service of the order on Plaintiff was filed with the Court (Dkt. 22). Additionally, the Court again ordered that Plaintiff had twenty-one days after withdrawal to file written notice with the Court stating how and by whom it will be represented (Dkt. 22 at 2). The Court informed Plaintiff that, in accordance with Dist. Idaho Loc. Civ. R. 83.4(d), it could not appear without being represented by an attorney and that it had twenty-one days to remedy that failure (Dkt. 22 at 2). On June 27, counsel filed proof of service with the Court (Dkt. 23). Thus, Plaintiff's twenty-one-day grace period ended on July 18.

On July 23, 2025, Plaintiff, through its authorized representative Toto Mills, filed a request for leave to represent Plaintiff PathDM1 LP LLC pro se, arguing that its first attorney withdrew after communication issues, which left the case "procedurally underdeveloped despite its factual merit" and that its second attorney withdrew after being retained, which "deprived Plaintiff of the opportunity to amend the complaint, prepare jurisdictional defenses, or meaningfully oppose

dispositive motions" (Dkt. 24). Plaintiff contends that this has resulted in "procedural vulnerability, additional hardship, and an inability to litigate the claims on their merits" which has led to financial strain and has compelled Plaintiff to seek pro se litigant status (*id.*). In support, Plaintiff provided two supporting declarations from its authorized representatives, Toto Mills (Dkt. 24-1) and David Mills (Dkt. 24-2).

Also on July 23, 2025, Plaintiff—through its nonlawyer representative Toto Mills—filed a purported notice of voluntary dismissal of its claims against Defendant Disney Enterprises under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure (Dkt. 25); *see* note 1, *supra*. The next day, July 24, and again through Toto Mills, Plaintiff filed a notice of pending motion and preservation of objection (Dkt. 26). That same day, David Mills purportedly filed a motion for default judgment on behalf of PathDM1 LP LLC against Defendants Craig A. Ball, Colleen Elizabeth Stuart, Path 1 Communications, and Path1 TV (Dkt. 27). Finally, on August 13, 2025, Cision US, Inc., PR Newswire Inc., and MultiVu LLC opposed Plaintiff's request to proceed pro se (Dkt. 28).

## II.    LEGAL STANDARD

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss an action if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41; *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."). The Court must weigh the following factors when determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Furthermore, a "district judge has an obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992).

## III. ANALYSIS

### A. Plaintiff PathDM1 LP LLC's Request to Proceed Pro Se

Plaintiff PathDM1 LP LLC cannot proceed in this action pro se or through its unlicensed authorized representative (*see* Dkt. 28). A corporation or other artificial entity must be represented by licensed counsel. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993). District of Idaho Local Rule 83.4(d) provides that "whenever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules." Further, the Court notified Plaintiff that it cannot appear without being represented by an attorney on two separate occasions, citing to Local Rule 83.4(d). Now, Plaintiff has made multiple filings without an attorney and seeks leave to proceed pro se, filing declarations in support of its request from its agents Toto Mills and David Mills. Although those filings appear to be without legal effect, the Court construes them as an acknowledgement that Plaintiff received and understood the notices regarding dismissal.

Because neither Toto Mills nor David Mills is a licensed attorney, neither can represent Plaintiff in this Court. *See, e.g.*, *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Plaintiff cannot proceed in this action pro se because entities can only act through their agents, which in

this context must be an attorney. The Court has provided Plaintiff with notice of this rule on two separate occasions. Accordingly, the Court denies Plaintiff's request for leave to proceed pro se. Because the Court denies Plaintiff's request to proceed pro se, it dismisses Plaintiff's claims.

**B. Five Dismissal Factors**

The public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Given Plaintiff's inability to represent itself, the public's interest favors expeditious resolution here. The first factor weighs in favor of dismissal.

The Court's need to manage its docket also weighs in favor of dismissal. "District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). Plaintiff has twice been told it can only proceed through counsel and has had months to retain to counsel; yet Plaintiff terminated its counsel and requested to proceed pro se. The Court's need to manage its docket favors dismissal.

The risk of prejudice to defendants also weighs in favor of dismissal. To determine whether a defendant has been prejudiced, the court examines "whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Whether prejudice supports a dismissal is "in part judged with reference to the strength of the plaintiff's excuse for the default." *Id.* Plaintiff has not appeared with newly appointed counsel or explained why it has not followed

the Court's orders and local rule. Notably, given the pending motions to dismiss, the parties agreed to stay this matter until they are resolved; but where an entity-Plaintiff is unable to retain counsel to take legal action, as is the case here, Defendants should not be forced to defend against legal action. There is sufficient risk of prejudice to the Defendants to weigh in favor of dismissal.

The availability of less drastic alternatives weighs in favor of dismissal. A district court's warning to a plaintiff that failure to comply with a court order will result in dismissal can satisfy the "consideration of alternatives" requirement. *Id.* at 132. The Court warned Plaintiff on May 12 and June 26, 2025 that it could not appear in this action without being represented by an attorney, citing Local Rule 83.4(d), and warned of dismissal *with prejudice* and *without notice* if counsel was not retained. Plaintiff then terminated its attorney, and its nonlawyer representative engaged in the practice of law on behalf of Plaintiff before this Court (Dkts. 25, 26, 27). The Court cannot condone a lesser remedy.

The public policy favoring the disposition of cases on the merits normally weighs against dismissal. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d at 1228. "This factor 'lends little support' to a party, however, whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* Moreover, "it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, despite the impermissible filings made, the parties agreed to stay this matter and any delay caused by Plaintiff is minimal. This factor is neutral.

Considering the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the risk of prejudice to defendants, the availability of less drastic alternatives,

and the public policy favoring disposition of cases on their merits, the Court finds that dismissal of Plaintiff's claims, without prejudice, is appropriate. Consequently, the pending motions to dismiss (Dkt. 5 and Dkt. 6) are moot as is the improperly-filed motion for default judgment (Dkt. 27).

## IV. ORDER

**IT IS ORDERED that:**

1. Plaintiff PathDM1 LP LLC's Request for Leave to Represent Plaintiff PathDM1 LP LLC Pro Se Litigant Due to Hardship (Dkt. 24) is **DENIED**.
2. Disney Enterprise, Inc.'s Motion to Dismiss for Lack of Jurisdiction (Dkt. 5) is **DENIED AS MOOT.**
3. Cision US, Inc., PR Newswire Inc., and Multivu LLC's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (Dkt. 6) is **DENIED AS MOOT.**
4. PathDM1 LP LLC's Motion for Default Judgment (Dkt. 27) is **DENIED AS MOOT**.
5. PathDM1 LP LLC's claims are **DISMISSED WITHOUT PREJUDICE**, each party to bear its own fees and costs.
6. The Clerk is directed to close this matter.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: August 14, 2025

Amanda K. Brailsford

Amanda K. Brailsford
U.S. District Court Judge